United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51256
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE CARMEN LUGO-REGALADO

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1787-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Jose Carmen Lugo-Regalado (Lugo) appeals the 70-month
sentence imposed following his plea of guilty to illegally
reentering the United States after deportation.  He contends that
his sentence was unreasonable in light of the factors set forth
in 18 U.S.C. § 3553(a).

Lugo's sentence was within a properly calculated advisory
guideline range and is presumed reasonable.  See United States v.
Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  Giving "great
deference" to such a sentence, and recognizing that the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Lugo has failed to rebut the presumption that his sentence was reasonable.  See Alonzo, 435 F.3d at 554.

Lugo challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Lugo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Lugo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Lugo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.